Taylor, Chief-Justice.
 

 The distress to enforce the penalty authorised by the revenue act of 1818, does not come within the meaning of the terms
 
 “
 
 writ or other ’'•'process,” which arc forbidden by the act of 1777, ch.
 
 *207
 
 18, to bo executed on a Sunday. • The prohibition is confined to such original or judicial process, as mayas well be executed on any other day $ but it results from the nature of this proceeding that it may be executed on any day ; for as the persons, on whom -he law is meant to operate, are changing, from day to day, the scene of their traffic, the penalty might frequently be- evaded, by neglecting to take out a license during the week, and removing to another County on Sunday, The objection to paying the tax for want of a printed license, is repelled by the positive terms of the act, which make paying the tax and obtaining a license, a condition precedent to the rigid; of periling. The penalty is ¡corred by selling without a license, from whatever cause it may have proceeded that the, seller did not procure one. Nor is the. act imposing the penalty liable te the constitutional objection of depriving the party of To right of trial by Jury. The mode of levying,
 
 vc'i
 
 as tbs; right of imposing taxes, is completely;'-.,. c.’;clumvely within the, legislative, power, which, it is to be presumed, will always be exercised with an equal regard to the security of the publick, and individual rights and convenience. The existence of government, depending on the prompt and regnlar collection of the revenue, must, as sin object of primary importance,, bo insured in such a way as the. wisrlv.rn of the Legislature may prescribe. There is a tacit condition annexed to the ownership of property, that it shall contribute to the publick revenue in such mode and proportion as the legislative will shall direct and if the officers intrusted with the execution of the laws transcend their powers to the injury of an individual, the Common Law entitles him to míreos. Bet t© pursue every delinquent liable to pay taxes, through the forms of process and a Jury trial, would materially impede, if not wholly obstruct, the collection of the revenue 5 and it is not believed «hat snob a mode was contemplated by the Constitution.
 

 
 *208
 
 The Court has thought if. necessary to consider whether this tax might, not. violate the spirit of the 10th section of the 2d article, of the Constitution of the United States, prohibits t.:e States from laying any imposts or duties on imports and exports, without the consent of Congress. But upon rejection, this tax does not ceem to come within the .'leaning of that part of the Con citation. It is certainly not a duty upon thé aríicUs imported, for they would have avoided the tax, but for being vended in a particular manner. It ir. more properly a tax upon the casing or employment, which is a subject of internal police, which the Legislature has a light to regulate. It is true, that foreign merchandise which has once paid an import duty to the United States, may thus be .incidentally subjected to an additional tax: but the same objection might be made to the tax on retail «.ores, licenses to taverns and auctioneers, where foreign articles are vended. It has never been doubted, that the •States retain a complete power to raise their own revenue from every source that has not been surrendered to the United States and prohibited to the States, and tiie duties on imports and exports are alone of that description. The. judgment of the Superior Court appears to he correct throughout, and must be affirmed.
 

 By the Court. — Judgment affirmed.