Judge Mills
delivered the Opinion of the Court.
On the 28th of January, 1819, the legislature, by an act erected the county of Hart, and provided for locating the site of justice, and in aid of the county levy to meet the large buildings of the new county, as the public buildings were to be erected, they inserted the following provision in the act:
“fie it further enacted, That the clerk of the county court of said county, is hereby authorized and empowered to open subscription papers for the purpose of proposals or subscriptions irihnoney or property, to any amount not exceeding eight thousand dollars, from any person or persons, for the erecting the public buildings, and if any person or persons shall fail to make payment according to the articles •’ subscription, it shall be lawful for said clerk to ..mover the same or the amount thereof^ on giving ' • r< days previous notice to the defendant, on motion ' he circuit court, or by warrant before a justice he peace, as the case may require; and all sums •> Ascribed and received, or so much thereof as 1 • only court shall deem necessary for that pur-p shall be applied by them to the erecting the public buildings., and the residue, if any, to be paid over to the person or persons subscribing the same.”
George T. Wood, the present appellee, was appointed the clerk of tire county court, and in obe- *642 dieuce to the act opened a subscription, which be presented to the firm or house of Harris and Murray, in Munforclsville, where the site of justice was about to be located, and where it was afterwards fixed. Murray, orie of the partners, the other not being present, at the moment, subscribed' one hundred dollars in the partnership name. When the subscription was shown to the partner, Harris, though not in the presence ijf Murray, he. changed the one hundred into two hundred dollars.
Motion and Judgment of the circuit court.
Act allowing the subscriptions for the public buildings, yalid.
Mode of recovery by motion, constitutional— because, the right of trial by jury n'dver extended to cases of the , debtors of' the state or counties nor any revenue fca-
The county court afterwards ordered Wood to, proceed to the collection of this with other snips subscribed, and not paid. Wood gave notice to these co-partners, and made his motion against them in the circuit court, who on the trial, discharged Murray as not liable, but gave judgment against Harris for the amount, and he has appealed.
The first question made by Harris in this court is, that the act On this point, is unconstitutional, and that the legislature could not authorize such summary proceedings to recover such a demand,
The origin of the right exists in the act, and it would seem that it was competent for the legislature to dictate the remedy also. We are not able to discover any constitutional provision, which forbids the raising of money by such a subscription, or declares that the legislature shall not provide for the recovery thereof.
The only plausible objection which strikes us, lies not against the demand or the recovery thereof,by proper proceedings, but against the mode of recovery by summary proceedings, without the intervention of a jury; because the ancient mode of trial by. jury is made inviolate by the constitution. On this point we observe that, according to the settled construction of this provision, by this court, it does not enlarge the right of trial by jury, and extend it to cases, where, previous to the constitution, the mode of trial did not belong as matter of right, and in all cases, where the legislature had withheld^ or might withhold the trial by jury, before the constitution, they may do so after it came into opera- *643 tí on. This demand will be found to belong to that class of cases to which the trial by jury previous to the constitution, did not belong. Government never did, either before or since the constitution, extend or grant the right of trial by jury to every controversy between herself and any of her citizens. To criminal and penal offences the right belonged; but to public debtors it did not. Hence taxes were always recoverable, not only without a jury, but even without a judge, and the assessment of ministerial officers has been made to operate as an execution on the citizen, and the collector could distrain, and any public collector could be subjected to judgment on motion for the amount. In like manner the assessment of the county levy authorized a distress, and the non-payment of the money when collected, authorized a proceeding in a summary way, by notice and motion.
Clerk appointed to receive the subscription acted as a revenue officer for the couuty, and the subscribers became debtors for county levies.
Query, of the competency of the clerk who received the subscriptions to give evidence in support of the demand on his own motion.
*643 It may be easily perceived that the demand in this case belongs to the county levy and partakes of the same nature. The whole invention was an appeal to the citizens, whether any of them would yplun-tarily tax themselves higher than the law would tax them, and if they agreed to it, they should be bound to pay it, and subject to a s.ummary proceeding if they did not. The clerk was the mere agent or representative of the county, to see to the making of the contract. As the sheriff takes his replevin bonds, or a clerk his recognizances, in his office, on which executions may issue, so the clerk in this instance was to take these subscriptions or obligations contemplated by this law, and every subscriber became bound ip a debt of a public nature, which he, by the very terms of the act, was bound to pay without jury, and the constitution of his country did not, in a demand of that character, guaranty to him the right of trial by jury.
The remaining question is an objection taken on the trial, to the competency of the clerk, who was tendered and admitted as a witness in behalf of the county. We have not thought it necessary to de-> termine this question. As no jury, but the court, is bound in this case to decide both the law and fact, *644 and the evidence is special upon the record, we hav& .no hesitation in saying, that the evidence is sufficient to warrant the judgment, even if the testimony of the'clerk is excluded. If he was competent the judgment is right,'and it is equally so if all his testimony was expunged, and we would not reverse and send the cause back for the same judgment to be entered. The admissibility of the clerk is, therefore, an immaterial question.
Crittenden and Monroe, for appellant; Mayes, for appellee.
Judgment affirmed with cost and damages.