JAMES MIX

v.

THE PEOPLE ex rel. C. P. Swigert, County Treasurer.

1. TAXES — *change of venue and trial by jury on application for judgment.* An application for judgment against delinquent lands is a summary proceeding, and governed by the Revenue Act. The act in relation to change of venue and to trial by jury have no application to such a case.

2. SAME — *collector not bound to prove legality of tax.* On an application for judgment against land for delinquent taxes the collector is not bound to prove that the land was regularly assessed, or make any proof of the acts of the assessor. It will be presumed the assessor and all other officers did their duty. If any objections exist, it is for the land owner to show them.

APPEAL from the County Court of Kankakee County.

This was an application by Charles P. Swigert, county treasurer and collector of Kankakee county, for judgment against certain lands for taxes unpaid thereon. The county court rendered judgment in favor of the people on the hearing, and against the lands of the appellant.

Mr. STEPHEN R. MOORE, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal by James Mix from the county court of Kankakee county, on the application of the county treasurer and collector of that county for judgment against the lands of appellant alleged to be delinquent in the payment of the taxes assessed against the same.

The points made on this appeal are:

1. That a motion for a change of venue was denied.

2. That a trial by jury was refused.

3. There was no proof that the property had been assessed.

4. It was error to admit, in evidence, the delinquent list.

No one of these objections is tenable. An application for judgment for delinquent taxes is a summary proceeding

and governed by the Revenue Act. The act in relation to change of venue and to trial by jury has no application to such a case. It is not a suit, in legal parlance.

It has been often held by this court that the party whose lands are charged as being delinquent must make the proof. It is not incumbent on the collector to prove it, for it is an act with which he is not in privity. He is not required to make any proof of the acts of the assessor. *Durham* v. *The People*, 67 Ill. 414. The presumption is, the assessor and all other officers have performed their duty.

The Revenue Act makes the collector's report of the list of delinquent lands evidence. Parties can make objections at the proper time, if there be any. It is for the land-owner to point them out. So far as we can discover, the list in this case complied with the statute.

The other points are settled by *Buck* v. *The People*, 78 Ill. 560, and *Mix* v. *The People*, 81 id. 118.

The objections are all frivolous, and the judgment must be affirmed.

*Judgment affirmed.*