## Stearns Coal & Lumber Company v. Commonwealth, By, et al.

(Decided November 24, 1915.)

### Appeal from Whitley Circuit Court.

1. Taxation—Omitted Property—Assessment.—The county court, in a proceeding by a revenue agent to cause property to be assessed for taxation, which has been omitted by the assessor and board of supervisors, acts in a ministerial capacity, except that in determining whether the property has been omitted and its value, and in regulating the proceedings in his court, he acts judicially and the judgment is the judgment of a court.
2. Taxation—Omitted Property—Assessment.—In a proceeding by a revenue agent to cause omitted property to be assessed for taxation, the court must try the issues and decide the causes, and can not call a jury for that purpose over the objection of a litigant.
3. Taxation—Omitted Property—Assessment.—A special proceeding by a revenue agent to cause omitted property to be assessed for taxation is not an action of equitable cognizance in which the court may call a jury to pass upon the facts in controversy, in an advisory character.
4. Jury—Right to Trial by Jury.—The constitutional right to a trial by jury means a trial according to the course of the common law, and this right only exists where by the common law a jury trial was customarily had.

J. N. SHARP and J. P. HOBSON & SON for appellant.

HENRY C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Reversing.

This proceeding consists of three special proceedings instituted in the county court of Whitley County, in the name of the Commonwealth of Kentucky, by one of its revenue agents. One of the proceedings was against the

Stearns Coal Company, Limited, another was against the Stearns Lumber Company, and the other against the Stearns Coal & Lumber Company. The purpose of the proceedings was to cause property alleged to be owned by these companies in Whitley County, and which had been omitted from assessment to be assessed for the purpose of State and county taxation. The statement filed against the Stearns Coal Company, Limited, alleged that the appellant had in its possession and was the owner of a lease from Roberta S. Bryant to it, consisting of the right to mine coal on 26,885 acres of land, and that the lease was of the value of $1,611,300.00, and, also, machinery, houses, and equipment and engines which were used in the business of mining coal of the value of $100,000.00, and that the company had failed to list the property for taxation for the years 1906, 1907, 1908, 1909 and 1910, and prayed the court to fix the value of the property and cause it to be listed for taxation. The statement against the Stearns Lumber Company alleged that on the 1st day of September, 1906, that it was the owner of standing timber on 10,000 acres of land, which had been conveyed to the company by a deed from Roberta S. Bryant, and was of the value of $30,000.00, and, also, personal property of various kinds, office fixtures, etc., which were located on the town site of Stearns, Kentucky, and were of the value of $100,000.00; that the appellant owned this property on the 1st day of September, 1906, and on the same day in 1907, 1908 and 1909, respectively, and had omitted to list the same for taxation for each of those years, and asked the court to value the property and to have it to be certified to the sheriff for the purpose of collecting the taxes thereon. The statement against the Stearns Coal & Lumber Company alleged that it owned on the 1st day of September, 1910, various articles of personal property located on the town site of Stearns, Kentucky, and of the value of $100,000.00, and, also, a lease on 26,855 acres of coal lands from Roberta S. Bryant and of the value of $500,000.00, and of houses, machinery, tools and equipment for mining coal on the leased land to the value of $100,000.00, and that it had omitted to list this property for taxation and asked that the court fix the value and cause it to be certified to the sheriff of Whitley County for collection of the taxes due thereon. Answers were filed in the name of the various companies which were made defendants in the state-

ments, respectively, and by agreement of parties the proceedings were transferred to the Whitley Circuit Court for trial, and by further agreement were consolidated and agreed to be heard and tried together under the style of Commonwealth of Kentucky, by etc., against the Stearns Coal Company, Limited; Stearns Lumber Company, and Stearns Coal & Lumber Company, and by further agreement it was agreed that if the property owned by the companies was listed by either of them for taxation for any year, it should be considered as having been properly listed, and in the event the court should adjudge that either one of the companies had failed to list for taxation any property owned by either of them for either of the years, it should be listed as the property of the Stearns Coal & Lumber Company.

Upon the calling of the consolidated cases for trial, without anyone having requested it to be done, the court directed that a jury be empanelled to hear and determine the issues in the case. Each of the defendants objected to the empanelling of the jury and to the submission of the questions and issues in the case to a jury and moved the court to hear and try the case without the intervention of a jury. The court overruled the objections of the defendants and ordered a jury to be empanelled, to which ruling the defendants objected. Thereupon the evidence was heard and the court instructed the jury and the jury returned a verdict to the effect that the appellants had failed for certain years to list for taxation large bodies of land and coal mines and personal property and fixing values thereon. The court thereupon entered a judgment following the verdict of the jury, and ordering the property found by the jury to have been omitted from assessment, for taxation by the appellants to be assessed and directing that it be certified to the sheriff for the collection of the taxes adjudged to be due thereon for the various years embraced by the statements.

At the close of all the evidence the appellants moved the court to discharge the jury and to pass upon the issues of the case itself, which the court overruled and the appellants excepted. The appellants having filed grounds, moved the court to set aside the verdict of the jury and judgment of the court and to grant them a new trial, but the court overruled their motion, to which appellants excepted and prayed an appeal to this court, which was granted.

It is insisted as a ground for a reversal of the judgment that the court erred to the prejudice of the appellants in causing a jury to be empanelled and submitting the issues to it for trial and entering a judgment in accordance with the verdict of the jury.

It may be said that as a matter of common right all persons and corporations are entitled to have such controversies as they may enter into to be determined by the tribunals provided by law for the trial of such matters and in accordance with the law of the land.

The proceeding by revenue agents to cause property to be listed for taxation, which has been omitted by the owners, the assessors, or boards of supervisors, is a special proceeding provided for by Article XIII., of Kentucky Statutes. It may, further, be said that in a proceeding of this character the judge of the county court does not act in a judicial capacity, but in a ministerial capacity, and as such, is only one of the agencies provided by law for assessing property for taxation. His judgment, however, is the judgment of a court and to the extent of determining whether property has been assessed or omitted and its value, he acts judicially, and the same rule would apply to the circuit court upon an appeal from a judgment of the county court. Baldwin v. Shine, 84 Ky., 502; Baldwin v. Hewitt, 88 Ky., 673; Cassidy v. Young, 92 Ky., 227; Hoke v. Commonwealth, 79 Ky., 567; Commonwealth v. Ryan, 126 Ky., 649; Commonwealth, etc. v. Weissinger, 143 Ky., 368.

In setting out the method by which property may be assessed for taxation upon the suggestion of the revenue agent, Section 4260, of Ky. Statutes, provides for the filing in the clerk's office of the county a statement containing a description of the value of the property proposed to be assessed and the name and place of the residence of the owner or person in the possession of the property and the year or years for which the property is proposed to be assessed, and provides that the clerk shall issue a summons against the owner, and, after the service by the sheriff, the Statute provides, as follows:

"At the next regular term of the county court after the summons has been served five days, if it shall appear to the court that the property is liable for taxation and has not been assessed, the court shall enter an order fixing the value thereof at a fair cash value, estimated as required by law; if not liable for taxation, he shall make an order to that effect, etc. * * * The judgment of

the court shall have the same force and effect as the judgment of the court in civil cases. Either party may appeal from the decision of the county court to the circuit court and then to the court of appeals as in other civil cases. * * * If the court shall decide that the property is liable to assessment and has not been assessed, the clerk of the court shall enter a judgment on a book kept for that purpose, etc. * * *''

There is no other authority for this character of proceeding except that contained in the statute, *supra*. Being a special proceeding provided for by statute, and defining the method of procedure and who shall have authority to make the assessment, it would seem that the proceeding would have to conform in all respects to the requirements of the statute. The statute provides that the court shall determine whether the property ought to be assessed and the value of the property which has been omitted from assessment and shall perform all other duties in connection with the proceeding.

The provisions of the statute nowhere give room for the intervention of a jury or provide in any place that the questions in issue may be heard or tried by a jury. There are many reasons why the legislative authority imposed the duties required by this statute upon the judge of the court alone, but it is not necessary to enumerate them here. Suffice it to say, that under the provisions of the statute no litigant is required in this character of proceeding to submit the issues of his case to the determination of a jury. This is not a case of equitable cognizance where the court has a right to call a jury to pass upon the questions of fact in an advisory character. To deny to a litigant in a case of this kind a trial by jury would not be an infringement of the ancient right of trial by jury. The constitutional right of a jury trial exists only in cases where, by the common law, a jury trial was customarily had and the constitutional right to a trial by jury means a trial according to the course of the common law. Carter v. Weisenburg, 95 Ky., 135; Comungor v. Louisville Trust Co., 128 Ky., 697; Rieger v. Schulte, et al, 135 Ky., 129. The authority for this proceeding being founded upon a recent statute, is, of course, a proceeding unknown to the common law. Besides, in the case at bar, the Commonwealth did not request a jury and the appellant opposed it. It was the duty of the court to have proceeded without the interven-

tion of a jury, to perform the duties required of it by law in such cases, especially when one of the litigants objected to the jury trial. The construction which has been placed upon this statute here seems to be that adopted by all the courts of the Commonwealth up to this time. Therefore the appellant did not have a trial as provided by law.

The judgment is reversed and the case remanded for proceedings consistent with this opinion.

The various other questions insisted upon by the appellant are not necessary now to be determined, as they chiefly grow out of the proceedings of the jury trial, and such as did not arise from the jury trial were not passed upon by the court below.