DREW COUNTY TIMBER COMPANY *v.* BOARD OF EQUALIZATION OF CLEVELAND COUNTY.

Opinion delivered June 26, 1916.

1. TAXATION—REMEDY FOR OVER-VALUATION—TRIAL BY JURY.—A taxpayer, aggrieved at the action of the Board of Equalization may apply to the county court for relief, and in turn appeal to the circuit court, but he has no right to a trial by jury.

2. Taxation—fixing valuation—discrimination—timber lands.—
*Held*, the Board of Equalization of Cleveland County was discriminatory and arbitrary under the evidence in the assessment of the value of appellants' timber lands for purposes of taxation.

Appeal from Cleveland Circuit Court; *Turner Butler,* Judge; reversed.

*Williamson & Williamson,* for appellants.

1. The rule of uniformity and equality in taxation was violated. There was discrimination; the assessment was arbitrary and not according to value. Cooley, Const. Lim. (4 ed.) 616; Kirby's Dig., § 7008; 5 Ark. 204; 19 *Id.* 360; 25 *Id.* 295; 32 *Id.* 37-42; 49 *Id.* 336-349; 49 *Id.* 518, 522, 530; 62 *Id.* 461-465; 1 Wash. St. 46; 70 *Id.* 48; 68 *Id.* 623; 77 *Id.* 315; 88 Fed. 350; 210 *Id.* 867; 62 *Id.* 548; 101 U. S. 153, and many other decisions. Discrimination was proven. 37 Wis. 75.

2. The assessment is violative of the State Constitution and that of the United States, and their statutes. 17 Ark. 419; 114 Fed. 557; 207 U. S. 20-36; 85 Fed. 302; 209 Fed. 380, 452.

3. The general rule is that the value of property is to be determined by what it can be bought and sold for. 214 Fed. 180, 183; 102 Tex. 545; 27 Ill. 64.

*Wallace Davis,* Attorney General; *Hamilton Moses,* Assistant, and *E. L. Compere,* Prosecuting Attorney, for appellees.

1. The board honestly endeavored to fix values fairly and without any discrimination, basing all assessments upon the comparative market values of the lands under consideration. If the board erred the burden was on appellants to show it. 49 Ark. 518-534; Kirby's Dig., § 6974. The market value is not the price asked, but the price the property will bring. 49 Ark. 381; 177 S. W. 1151; 163 *Id.* 697; 172 *Id.* 1024.

2. The findings of facts by the court sitting as a jury will not be reversed if there is any substantial evidence to support it. 68 Ark. 83; 182 S. W. 262; 183 *Id.* 745.

3. Questions not raised below can not be raised here for the first time. 80 Ark. 476; 74 *Id.* 72; 149 S. W. 662.

4. The presumption is that only competent evidence was considered. 86 Ark. 309; 77 *Id.* 258. The burden was on appellants to show discrimination and they have failed.

HART, J. Appellants own 5,741 acres of timber land in Cleveland County, Arkansas. The board of equalization raised the assessment on their lands to $5 per acre. Appellants applied to the county court for a reduction to $3 per acre. Their application was denied by the county court and they appealed to the circuit court. The circuit court denied them relief and they have appealed to this court.

(1) They first contend that the circuit court erred in refusing them a trial by jury. There is no merit in this contention. The statutory right of trial by jury is confined to cases which at common law were so triable before the adoption of the Constitution. *State* v. *Churchill,* 48 Ark. 426; *Wheat* v. *Smith,* 50 Ark. 266. Boards of equalization are creatures of the statute and they can perform no act except such as they are specially authorized to do. The taxpayer aggrieved at the action of the board of equalization may apply to the county court for relief and in turn appeal to the circuit court, but he has no right to a trial by jury. *Clay County* v. *Brown Lumber Co.,* 90 Ark. 413; *Pulaski County Board of Equalization Cases,* 49 Ark. 518.

It is next contended by counsel for appellants that the board of equalization acted on a fundamentally wrong principle in valuing their lands and that the values placed upon them were arbitrary and capricious as compared with the average valuation of the other real property situated in the county or in the townships where their lands are situated. Article 16, section 5 of our Constitution provides that all property subject to taxation shall be taxed according to its value and that no one species of property shall be taxed higher than another species of

property of equal value. The section provides that the value shall be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. Section 7008 of Kirby's Digest provides that the County Board of Equalization shall raise the valuation of such tracts of real property, as in the opinion of the board have been returned below their true value, to such price as may be deemed to be the true value thereof, agreeably to the requirements of the statute in regard to the valuation of real property. The section also provides that the board may reduce the valuation of such tracts as in the opinion of the board have been returned above their value as compared with the average valuation of the real property of such county, having due regard to the relative situation, quality of soil, improvements and natural and artificial advantages.

It is the contention of counsel for appellants that the undisputed evidence shows that the board discriminated against their lands within the meaning of the rule laid down in *Ex parte Fort Smith & Van Buren Bridge Co.*, 62 Ark. 461, and *Am. Bauxite Co.* v. *Board of Equalization of Saline County*, 119 Ark. 362, 177 S. W. 1151, construing the section of the Constitution and statutes above referred to. Appellants own timber lands in three townships in the county. Their holdings comprise 5,741 acres. Bradley County Lumber Company owns 3,016 acres; Warren Vehicle Stock Company owns 837 acres; Southern Lumber Company owns 281 acres and the Gates Lumber Company owns 160 acres. All these lands are timber lands and are of the same general character. Most of these timber lands were assessed at $5 an acre. Appellants endeavored to have their lands assessed at $3 an acre but the board of equalization placed the assessment at $5, except 184 acres, which they raised to $4 an acre. All the other lands in the three townships were assessed at a uniform value of $2.25 per acre. The appellants and the other companies above mentioned were the only owners of extensive tracts of timber lands in the county. The other lands were agricultural lands and

the three townships in which appellant's timber lands are situated are thickly settled. The board in placing a value upon the timber lands took into consideration the logging conditions and everything else that would tend to affect the value of timber lands. This was right. It was shown that large tracts of timber lands situated in a body and owned by the same persons were of much greater value than smaller tracts owned by separate persons and which do not lie in a body. The reason is that the only practical way to log the lands is to build tram roads into the timber and this can only be successfully done when one person or corporation owns a large body of land. It may be stated here that the evidence shows that all the lands were assessed at less than their market value. Our statutes provide that the board may actually enter upon and view the property when they are not fully satisfied of its true value, but the board is not required to make the valuation from actual view. The board, however, is required, in making the valuation to have due regard to the relative situation, quality of soil, improvements and natural or artificial advantages. In short it must consider the advantages or disadvantages of location, the quality of soil, the quantity and quality of standing timber as well as all other elements which enter into and constitute the value of the land. These are the plainly expressed rules and principles upon which our Constitution and statutes contemplate that the valuation shall be made.

(2) The undisputed evidence shows these principles were ignored and disregarded and an arbitrary classification was applied to timber lands as compared to the average valuation of the real property of the county. A valuation is essential to laying the foundation for taxing land and the board has no authority to discriminate against one tract and favor all other property of the same kind in the county. The members of the board attempted to fix the value of all the timber lands on the same basis but they adopted a wholly different basis of value for agricultural land. It is true, one of the members of the

board testified that cut-over lands were not worth more than $2.25 per acre, as compared with timber land, but on cross examination it developed that what he meant was that land from which all merchantable timber had been cut and removed and which were not susceptible of cultivation or which had not been put in cultivation, were not worth more than $2.25 per acre. The undisputed evidence, however, shows that the three townships in which the timber lands of appellants were situated were thickly settled and that a greater majority of the lands therein were agricultural lands. The undisputed evidence is that the agricultural lands were worth as much or more than the timber lands. The board therefore placed a valuation upon the timber lands which would necessarily operate unjustly and unequally. Real estate must be valued in the manner and upon the principles prescribed by our Constitution and statutes. While all the lands were assessed at a value lower than their true market value, still in our opinion the undisputed evidence shows that the lands of appellant were returned above their true value as compared with the average valuation of the real property of the county.

The assessor and board had no right to make discrimination in the assessment and equalization of values of real estate.

It follows that the judgment will be reversed and the cause remanded with directions to the circuit court to make the reduction asked for by appellants.