[Civ. No. 5987.   Third Appellate District.—March 6, 1939.]

THE PEOPLE, Appellant, v. R. R. SISCHO et al., Respondents.

U. S. Webb, Attorney-General, Earl Warren, Attorney-General and H. H. Linney and James J. Arditto, Deputies Attorney-General, for Appellant.

R. R. Sischo, *in pro. per.*, for Respondents.

ROSS, J., *pro tem.*—This action was brought by appellant to collect certain delinquencies on sales taxes amounting to $1446.80 plus interest allegedly due from the defendants, who were named "Sischo Motor Car Co., a trust estate, R. R. Sischo, L. A. Sischo and E. F. Crumrine, individually and as trustees of said Sischo Motor Car Co."

The trial court sustained a demurrer to the amended complaint as to R. R. Sischo and E. F. Crumrine as individuals, and overruled the same as to said persons as trustees and as to the trust estate, and gave judgment in favor of said three persons as individuals, from which judgment this appeal is taken.

The record here presents the amended complaint only, but both parties mention the fact that the only difference from the original complaint is that a copy of the trust agreement by which the trust estate was created, which was annexed to and made a part of the original complaint, was omitted from the amended complaint, and both parties in their briefs refer to the fact that the trust agreement provided that the trustees should not be personally liable for obligations, etc., of the trust.

Appellant contends that any defense of the individual trustees based on this provision of the agreement should have been raised by answer, and that, the amended complaint having omitted all reference to said trust agreement, the demurrer was improperly sustained. Respondents point out, however, that the complaint on its face shows that the claim sued on was not based on contract, but was a liability imposed by the sovereign state, and that the board of equalization had recognized the trust estate as being the party liable by issuing its license or permit to said Sischo Motor Car Company, a trust estate, which trust estate, and not the trustees or individuals, was the retailer.

This is a Massachusetts or business trust, and both parties recognize the case of *Goldwater* v. *Oltman,* 210 Cal. 408 [292 Pac. 624, 71 A. L. R. 871], as the leading California case on the subject. That case holds that the trustees of a Massachusetts Trust are personally liable on all contracts with third persons in the absence of an express or implied agreement with the creditor to the contrary, and that mere knowledge of a provision in the trust agreement that persons having dealings with the trustees shall look only to the property of the trust for payment will not release the trustees from personal liability in a case where they have not stipulated against it.

Respondents urge that the holding of *Goldwater* v. *Oltman, supra,* applies only to contracts, and that a tax levied by the state is not a contractural obligation. They cite the

old case of *Perry* v. *Washburn,* 20 Cal. 318, a Civil War days case, in which it was held that taxes are not debts within the meaning of a law, declaring United States notes to be legal tender for all debts.

But, as aptly stated in 24 Cal. Jur., page 21 : "The qualities of a debt may, however, by legislative action, be made to apply to taxes. (*San Francisco Gas Co.* v. *Brickwedel,* 62 Cal. 641.) And aside from this, in a popular sense a tax duly levied becomes a liquidated demand or debt due . . . and may be embraced within the word 'debt' as used in a statute."

We hold that such a liquidated demand or obligation as the amount of sales tax duly levied by the state board of equalization upon a retailer which is a business trust is a claim on which the trustees of said business trust are personally liable, under the general rule that trustees of such trusts are personally liable for the obligations of their trusts except when specifically exempted, either expressly or by implication.

As to negotiable instruments, by virtue of section 3101 of the Civil Code, a trustee who signed as such, disclosing the identity of the trust for which he was acting, would be, however, exempted from personal liability. (*Charles Nelson Co.* v. *Morton,* 106 Cal. App. 144 [288 Pac. 845].)

Any possible showing of exemption in the instant case should properly be made in an answer. The amended complaint alleges all the necessary elements to constitute the liability. A plaintiff need not negative a defense founded upon an exception to a general rule. The general rule is that trustees of a Massachusetts Trust are personally liable for the obligations of the trust.

The demurrer should have been overruled. The judgment in favor of respondents individually is therefore reversed and the cause remanded with directions that the demurrer be overruled and suitable time given them to answer the amended complaint.

Pullen, P. J., and Thompson, J., concurred.