[Civ. No. 13674. Second Dist., Div. Two. Oct. 8, 1942.]

T. FRANK COURTNEY, as Assignee for Creditors, etc., Appellant, v. H. L. BYRAM, as Tax Collector, etc., Respondent.

T. Frank Courtney in pro per., for Appellant.

J. H. O'Connor, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondent.

GOULD, J. pro tem.—By proceedings regularly taken under sections 3449-3473, inclusive, of the Civil Code, plaintiff as assignee for the benefit of creditors of Clyde Hillis, an insolvent debtor, took possession of his property, including certain realty upon which city and county general taxes were long delinquent and which the tax collector of Los Angeles County was about to sell in the manner provided by law for the collecting and enforcing of taxes. Confronted with this situation, plaintiff-assignee assumed the position that the tax obligation was simply one of the "debts" or "liens" of the debtor for the benefit of whose creditors he was acting, and that the county with its tax claim was to be relegated to the same position as another "creditor." He sought by injunctive remedy to halt the proposed tax sale and to subject the county's tax claim to the proceedings under the assignment for the benefit of creditors. Defendant tax collector filed

a general demurrer. Injunction was denied and the demurrer was sustained without leave to amend. Plaintiff appeals.

Appellant formulates as follows the only question involved upon this appeal: "Whether delinquent general taxes on real property secured by a lien thereon in this state are a debt and a lien for securing the payment of a debt owing by a debtor to the county and state as creditor, within the meaning, intention and provisions of the last two paragraphs of section 3468 of the Civil Code?" Or, as stated by respondent: "Does an assignment of property for the benefit of creditors discharge such property from the prior lien of taxes thereon and relegate such taxes to a mere parity with the general debts of the assignor?"

Unquestionably the lower court correctly sustained the demurrer without leave to amend.

It is true that appellant has discovered many decisions in which a tax is spoken of as a "debt", e. g.: "... A tax constitutes a debt owed by the person upon whom such tax has been legally imposed" (*National Ice etc. Co.* v. *Pacific Fruit Express Co.*, 11 Cal. (2d) 283 [79 P. (2d) 380], at 291); "... in a popular sense a tax duly levied becomes a ... debt due ... " (*People* v. *Sischo,* 31 Cal. App. (2d) 345 [87 P. (2d) 862]); "A tax on land when imposed becomes a debt of the taxpayer." (*Nashville* v. *Cowan,* 10 Lea's Tenn. Rep. 209); "As to taxes the state stands in the relation of a creditor who has obtained judgment against his debtor and seized his property under the judgment." (Succession of Mercier, 42 La. Ann. 1135 [8 So. 732, 11 L. R. A. 817].) But the Supreme Court of this state has clearly pointed out that taxes are not debts within the technical meanings of the two terms. "A debt is a sum of money due by contract, express or implied. A tax is a charge upon persons or property to raise money for public purposes. It is not founded upon contract; it does not establish the relation of debtor and creditor between the taxpayer and State." (*Perry* v. *Washburn,* 20 Cal. 318, 350. See, also, *San Francisco* v. *Liverpool & London etc. Ins. Co.,* 74 Cal. 113 [15 Pac. 380, 5 Am. St. Rep. 425]; *People* v. *Skinner,* 18 Cal. (2d) 349 [115 P. (2d) 488]; 26 Ruling Case Law, 25-26.)

Furthermore, as emphasized by respondent, statutes such as the one under consideration are commonly designed for the government of citizens of the state rather than for the state itself, and the state will not be bound by general words of a

statute unless it clearly appears that such is the intent of the statute. (*C. J. Kubach Co.* v. *McGuire,* 199 Cal. 215 [248 Pac. 676]; 23 Cal. Jur. 625.)

By statutory provision, as indeed by the harsh law of necessity, taxes have been made a first lien upon property. They are a primary obligation of the citizen, and the flow of this "life blood of government" may not be interrupted. Generally, therefore, the obligation to pay taxes is superior to the obligation of private debts. (*Dougherty* v. *Henarie,* 47 Cal. 9; *People* v. *Central Pac. R. R. Co.,* 83 Cal. 393 [23 Pac. 303].)

Measured by the statute itself, interpreted in the light of pronouncements upon cognate or similar tax problems and guided as well by reasons of sound public policy, it must be held that the statute here in question cannot be resorted to in order to prevent the sale of property to satisfy the claim of tax delinquency. The statute, enacted for the benefit of debtors and creditors, cannot be used as a means of depriving the state of its essential revenue.

A second count of the complaint asked for declaratory relief, praying the court to declare the respective rights of the plaintiff-assignee and the tax collector under the circumstances set forth in the complaint. It has been held that the declaratory relief statute (§ 1060, Code Civ. Proc.) may not be invoked against the state or its political subdivisions (*Bayshore Sanitary District* v. *County of San Mateo,* 48 Cal. App. (2d) 337 [119 P. (2d) 752]); and it must be held that this action, though directed against the county tax collector, is in fact an action against the county of Los Angeles. (*Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502 [258 Pac. 387].)

Upon appellant's motion and with the consent of respondent the trial court entered an order restraining respondent from selling the real property in question for nonpayment of taxes, pending the final determination of the appeal herein. In view of our decision upon the appeal that restraining order should be dissolved.

The judgment is affirmed and the restraining order dissolved.

Moore, P. J., and Wood (W. J.), J., concurred.