[Civ. No. 22927.    Second Dist., Div. Two.    Mar. 6, 1958.]

JOHN P. SONLEITNER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; STATE BOARD OF EQUALIZATION, Real Party in Interest.

Edward H. Blixt for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Attorney General, James E. Sabine, Assistant Attorney General, Dan Kaufmann and James C. Maupin, Deputy Attorneys General, for Real Party in Interest.

FOX, P. J.—Petitioner seeks a peremptory writ of prohibition to prevent respondent court from proceeding without a jury in the case of *People* v. *Sonleitner* (L.A. Superior Court Number 105648). The complaint in that case alleges that during the period from November 1, 1951, to July 31, 1955, petitioner made taxable distributions of motor vehicle fuel within the state without possessing a distributor's license, and that the Board of Equalization ascertained as best it could the amount of the unlicensed distribution and determined the tax due, adding interest and a penalty of 100 per cent of the amount of the tax, as prescribed by sections 7706 and 7727 of the Revenue and Taxation Code. The complaint further alleges that the determination of the board became final and was not paid, and the total amount (about $130,000), together with additional penalties and interest, is presently due and owing. Petitioner raised several questions of fact by his answer, which included a general denial and four affirmative defenses.

Thereafter, the state filed a memorandum to set the matter for a nonjury trial. Defendant objected. The state then made a motion for trial without a jury; the court granted that motion and set the cause for trial.

The purpose of the instant proceeding is the collection of motor vehicle fuel license taxes under part 2 of the Revenue and Taxation Code. ▮▮▮ The right to trial by jury is guaranteed in section 7 of article I of the California Constitution. However, this guarantee extends only to those cases wherein the right to a jury trial existed at common law. (*People* v. *One 1941 Chevrolet Coupé,* 37 Cal.2d 283, 286-287 [231 P.2d 832] ; *Phyle* v. *Duffy,* 34 Cal.2d 144, 148 [208 P.2d 668].) "As thus presented, the question is an historical one. Although the common law forms of action are abolished and law and equity

are united in one forum, the problem of right to a jury trial must still be approached in the context of 1850 common law pleading.'' (*Ripling* v. *Superior Court*, 112 Cal.App.2d 399, 402 [247 P.2d 117].) ■ It appears that the right to trial by jury has never been extended to cases involving the collection of taxes. In *Hagar* v. *Board of Supervisors of Yolo County*, 47 Cal. 222, 234, the court stated that ''the right of trial by jury, has no application to proceedings for the collection of taxes.'' Although no other California case has specifically dealt with this issue (*cf. People* v. *Skinner*, 18 Cal.2d 349, 354-355 [115 P.2d 488, 149 A.L.R. 299]), it is well settled in other jurisdictions that there is no right under the general constitutional provisions to a jury trial in statutory or summary proceedings for the collection of taxes.* The reasoning behind the denial of a jury trial in such proceedings is clear. ■ To construe the constitutional jury trial guarantee as entitling a person to have a trial by jury on every demand made upon him for taxes would cause interference and delay in tax collection. Since tax collection proceedings traditionally have been summary in nature, such a construction of so important a constitutional provision could not have been intended. (See 3 Cooley, Taxation 2616-2617 (4th ed.).) In

---

*Wickwire* v. *Reinecke*, 275 U.S. 101, 105-106 [48 S.Ct. 43, 72 L.Ed. 184]; Den ex dem. *Murray* v. *Hoboken Land & Imp. Co.*, 18 How. (U.S.) 272, 281-284 [15 L.Ed. 372]; *State* v. *Overby*, 265 Ala. 39 [89 So.2d 525, 528]; *Campbell* v. *State*, 242 Ala. 215 [5 So.2d 466, 472]; *State* v. *Bley*, 162 Ala. 239 [50 So. 263, 264]; *Drew County Timber Co.* v. *Board of Equalization of Cleveland County*, 124 Ark. 569 [187 S.W. 942]; *Hicks* v. *Stewart Oil Co.*, 182 Ga. 654 [186 S.E. 802, 803-804]; *Harper* v. *Commrs. of Town of Elberton*, 23 Ga. 566, 568; *Hoffman* v. *Department of Finance*, 374 Ill. 494 [30 N.E.2d 34, 36]; *Mix* v. *People*, 86 Ill. 312, 313; *Johnston* v. *State*, 212 Ind. 375 [10 N.E.2d 40, 41]; *Davis* v. *City of Clinton*, 55 Iowa 549 [8 N.W. 423, 424]; *Thomas Forman Co.* v. *Owsley County Board of Supervisors*, 267 Ky. 224 [101 S.W.2d 939, 941]; *City of Covington* v. *Shinkle*, 175 Ky. 530 [194 S.W. 766, 767]; *Stearns Coal & Lumber Co.* v. *Commonwealth*, 167 Ky. 51 [179 S.W. 1080, 1082]; *Harris* v. *Wood*, 22 Ky. 641, 643; *City of New Orleans* v. *Cassidy*, 27 La.Ann. 704; *Board of Commrs. of Mille Lacs County* v. *Morrison*, 22 Minn. 178, 181; *Spitcaufsky* v. *Hatten*, 353 Mo. 94 [182 S.W.2d 86, 95, 160 A.L.R. 990]; *State* ex rel. *Ferguson* v. *Moss*, 69 Mo. 495, 503; *Boody* v. *Watson*, 64 N.H. 162 [9 A. 794, 798]; *Cocheco Mfg. Co.* v. *Strafford*, 51 N.H. 455, 458-459; *City of New Rochelle* v. *Echo Bay Waterfront Corp.*, 268 App. Div. 182 [49 N.Y.S.2d 673, 681], aff'd, 294 N.Y. 678 [60 N.E.2d 838], cert. denied, 326 U.S. 720 [66 S.Ct. 24, 90 L.Ed. 426]; *Unemployment Compensation Comm'n* v. *J. M. Willis Barber & Beauty Shop*, 219 N.C. 709 [15 S.E.2d 4, 7]; *Cowles* v. *Brittain*, 9 N.C. 204, 207; *Chickasha Cotton Oil Co.* v. *Grady County*, 177 Okla. 240 [58 P.2d 590, 595]; *Crandall* v. *James*, 6 R.I. 144, 148; *Cruikshanks* v. *City Council*, 1 McCord (S.C.), 360; *In re Hackett*, 53 Vt. 354, 359-360; *Dexter Horton Bldg. Co.* v. *King County*, 10 Wn.2d 186 [116 P.2d 507, 511].

other words, "to pursue every delinquent liable to pay taxes through the forms of process and a jury trial would materially impede, if not wholly obstruct, the collection of the revenue; and it is not believed that such a mode was contemplated by the Constitution." (*Cowles* v. *Brittain,* 9 N.C. 204, 207; see also Cooley, *op. cit. supra* at 2619.)

The only case upon which petitioner relies is *Grossblatt* v. *Wright,* 108 Cal.App.2d 475 [239 P.2d 19]. In that case a private person commenced an action against his landlord to recover treble damages, attorney's fees and costs under the United States Housing and Rent Act of 1947 because the latter demanded and accepted rent in amounts above the maximum prescribed rates. The court held that the·action, though founded upon a statute which did not exist at common law, was essentially an action of debt, and the defendant was therefore entitled to a jury trial. The court observed (p. 486) : "A jury trial was a matter of right in the common-law action of debt, and consequently it exists in all civil actions under modern practice which formerly would have fallen within this form of action." It is thus clear that the very basis upon which the Grossblatt case was decided makes it distinguishable from the case at bar. The cause of action in the Grossblatt case was the equivalent of a common law action of debt. ▪ But the cause of action·here involved is *not* equivalent to an action of debt because taxes are not debts. (*People* v. *Hochwender,* 20 Cal.2d 181, 183 [124 P.2d 823] ; *Southern Service Co.* v. *County of Los Angeles,* 15 Cal.2d 1, 11 [97 P.2d 963] ; *Perry* v. *Washburn,* 20 Cal. 318, 350; *Courtney* v. *Byram,* 54 Cal.App.2d 769, 771 [129 P.2d 721] ; *Spurrier* v. *Neumiller,* 37 Cal.App. 683, 690 [174 P. 338].) In *People* v. *Central Pacific R. R. Co.,* 105 Cal. 576, 588-589 [38 P. 905], the court stated: "The collection of taxes is not, however, the mere collection of a debt, but is a sovereign act of the state to be exercised as may be prescribed by the Legislature. Whether the tax is collected by an action in court, or by summary sale by the tax collector, is immaterial. The state through its Legislature can avail itself of the judicial power as the means by which it will collect the tax, and in such proceedings it may prescribe such procedure as may best avail for that purpose, irrespective of the mode of procedure provided for the determination of controversies between individuals, just as it may avail itself of the executive branch of the government by authorizing the sheriff to sell the property upon which the taxes are delinquent, without requiring him

to pursue the same course as is required in sales upon judgments between individuals. Although the tax is an obligation from the citizen to the state, it is not of the same character of obligation as exists between citizens, and for the purposes of its collection the state is not limited to the same mode or to the same procedure which it prescribes for individuals in the collection of obligations between themselves." (See also *People* v. *Skinner, supra.*) Since an action to collect taxes is not of the same nature as the common law action of debt, the Grossblatt case is not applicable to the case at bar.

■ Petitioner points out that Revenue and Taxation Code, section 7729, authorizes the attorney general to prosecute "an action at law" to collect the license tax, penalty and interest determined against an unlicensed distributor. He argues from this that the present suit is an action at law and he is therefore entitled to a jury trial. However, the mere fact that a proceeding is denominated an action at law does not *per se* give rise to the right of trial by jury; the court is not bound by the form of the action but rather by the nature of the rights involved—the test is whether the gist of the action is legal in a common law context. (*People* v. *One 1941 Chevrolet Coupé, supra*, p. 299; *Ripling* v. *Superior Court, supra*, p. 402; *Grossblatt* v. *Wright, supra*, pp. 483-484.) At common law in this country and in England taxes were not collected by regular judicial proceedings. (*Kelly* v. *Pittsburgh*, 104 U.S. 78, 80 [26 L.Ed. 658]; *People* v. *Skinner, supra*, p. 358.) Since a judicial proceeding to collect taxes was not even a recognized form of action at common law, it follows that the designation by the Legislature of such a proceeding as an "action at law" does not carry with it the right to a trial by jury. A jury trial is thus not a matter of right in an action to collect taxes. The Legislature was free to prescribe such procedure as would best avail for the purpose of collecting motor vehicle fuel license taxes through a judicial action (see *People* v. *Skinner, supra*, p. 358; *People* v. *Central Pac. R. R. Co., supra*, p. 589), and it has done so. But no provision for a jury trial has been made. Under such circumstances Code of Civil Procedure, section 592, governs. The pertinent portions of that section provide: "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury. . . . In other cases, issues of fact must be tried by the court, subject to its power to order any

such issue to be tried by a jury. . . ." The cause of action here involved clearly falls into the second category, and the case must be tried by the court.

The fact that petitioner's answer raises several collateral factual issues does not alter this result. The gist of the instant action is the collection of taxes based upon a final determination of a state taxing agency, and under Code of Civil Procedure, section 592, a judge is expressly empowered to try any factual issues in cases where a jury trial is not mandatory.

Furthermore, petitioner cannot bolster his claim by asserting that this is partially an action to collect a penalty. █ It is well settled in this state that a penalty which is created by statute for failure to pay a tax assessment becomes part of the tax. (*Weston Inv. Co.* v. *State,* 31 Cal.2d 390, 393 [189 P.2d 262] ; *Carpenter* v. *Peoples Mut. Life. Ins. Co.,* 10 Cal.2d 299, 303-304 [74 P.2d 508] ; *County of Los Angeles* v. *Ballerino,* 99 Cal. 593, 596 [32 P. 581, 34 P. 329] ; *Camden Fire Ins. Assn.* v. *Johnson,* 42 Cal.App.2d 528, 531 [109 P.2d 447].)

The alternative writ is discharged.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.