OPINION
FONES, Justice.
We granted the Commissioner’s Rule 9 application to decide the issue certified by the trial judge, to-wit, “whether a plaintiff has a right to trial by jury in a tax refund lawsuit brought pursuant to the provisions of T.C.A. § 67-1-901 et seq."
Taxpayer filed suit seeking recovery of $65,430 alleged to have been erroneously assessed by the Commissioner as a sales tax deficiency and demanded a jury to try the issues. The trial judge denied the Commissioner’s motion to strike the jury demand, but granted his application for Rule 9 interlocutory appeal. The trial judge was in error in denying the motion to strike the jury demand.
It is the settled law of this State that the constitutional right to trial by jury granted to litigants is nothing more than that right as it existed in force and use in North Carolina at the time the Tennessee Territory was ceded to the Federal Government in 1789. Trigally v. Mayor and Aldermen of Memphis, 46 Tenn. 382 (6 Cold.) (1869); McGinnis v. State, 28 Tenn. 43 (9 Humphreys) (1848); Garner v. State, 13 Tenn. 160, 176 (5 Yerger) (1833), (Whyte, J., dissenting).
In 1941, the Supreme Court of North Carolina held that its constitutional provision granting trial by jury, “[i]n all controversies at law respecting property, the ancient mode of trial by jury ... shall remain sacred and inviolable,”[1] was inapplicable to matters concerned with the administration of the tax laws and the machinery for the collection of taxes. Unemployment Comp. Com’n. v. J M Willis B & B Shop, 219 N.C. 709, 15 S.E.2d 4 (1941). Further, that court held that unless and until expressly authorized by the legislature, the right to a jury trial in tax cases was not available in North Carolina. Unemployment Comp. Com’n. v. J M Willis B & B Shop, supra.
North Carolina’s constitutional provision granting trial by jury in civil cases, quoted in part above, was in 1941 and is today in the same language as the original, and at no time in its history has the North Carolina Legislature authorized jury trials in tax cases. It follows that under the law in force and use in North Carolina in 1789 and in 1796 when Tennessee’s first Constitution was adopted, jury trials in tax cases were not authorized.
In Trigally, the Tennessee Supreme Court held that the right of trial by jury remained as it existed at the formation of the Constitution, that is it could not be denied to those entitled to it, nor demanded by those not having the right at that time. 46 Tenn. at 385.
The conclusion is inescapable that no constitutional right to a jury trial in tax cases is available to litigants in Tennessee. We agree with the implicit holding of the Supreme Court of North Carolina in Unemployment Comp. Com’n. v. J M Willis B & B Shop, supra, that the power to authorize jury trials in tax cases resides exclusively in the Legislature.
The tax enforcement procedure applicable to state revenue that exists today had its origin in the Public Acts of 1873, chapter 44, and basically remains unchanged. The taxpayer must pay, in response to the State’s demand for the revenue claimed to be due. If deemed unjust or illegal, the taxpayer must pay under protest and bring a timely suit for recovery. See T.C.A. § 67-1-901 et seq. We do not now have, nor have we ever had a statute authorizing the parties to such litigation to demand a jury.
No authority has been cited by taxpayer or the trial court in support of the right to *310 a jury trial in a tax case. We have not found a single state that authorizes jury trial upon demand in litigation involving the collection or refund of revenue due a state.
Our research reveals that every state that has considered the issue has held that no right to a jury trial exists in litigation involving the collection or refund of state revenue. In Sonleitner v. Superior Court, 158 Cal.App.2d 258, 322 P.2d 496 (1958), the intermediate California appellate court held that there was no constitutional or statutory right to a jury trial in a tax case in California and cited cases from the following states that had reached the same conclusion: Alabama, Arkansas, Illinois, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Missouri, New Hampshire, New York, North Carolina, South Carolina, Oklahoma, Rhode Island, Vermont and Washington. 322 P.2d at 497, footnote 1. Georgia and Pennsylvania also deny jury trials to litigants in state revenue cases. Hicks v. Stewart Oil Co., 182 Ga. 654, 186 S.E. 802 (1936); and Commonwealth v. Marco Electric Manufacturing Corp., 32 Pa.Commw.Ct. 360, 379 A.2d 342 (1977).
We hold that jury trials are not available in suits for the recovery of taxes paid the State of Tennessee pursuant to T.C.A. § 67-1-901 et seq. Only an express grant by the Legislature can create that right.
The judgment of the trial court is reversed and this case is remanded to the Chancery Court of McNairy Court for any further appropriate proceedings consistent with this opinion. Costs are adjudged against plaintiff.
BROCK, C.J., and COOPER, HARBI-SON and DROWOTA, JJ., concur.

. Article 1, Section 19, North Carolina Constitution, now Article 1, Section 25.