State v. Hechanova, No. S0295-09 CnC (Toor, J., Feb. 22, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
CHITTENDEN COUNTY

| | |
|---|---|
| STATE OF VERMONT<br>DEPARTMENT OF TAXES<br>  Plaintiff<br><br>  v.<br><br>CHRISTOPHER HECHANOVA<br>  Defendant | SUPERIOR COURT<br>Docket No. S0295-09 CnC |

RULING ON MOTION TO STRIKE DEMAND FOR JURY TRIAL

The Vermont Department of Taxes sues Defendant Christopher Hechanova, alleging that Big Chile Republic is or was a Vermont corporation; that it is indebted to the Department for unremitted Vermont meals and rooms taxes, and that Hechanova was a corporate officer of Big Chile Republic and is personally liable for its tax liability under 32 V.S.A. § 9202(4). The Department seeks judgment against Hechanova in the sum of $18,353.34. Hechanova denies these allegations, asserts a variety of affirmative defenses, and demands a jury trial. On September 1, 2009, the court denied the Department's motion for summary judgment and Hechanova's cross-motion for summary judgment. The Department now moves to strike Hechanova's demand for a jury trial.

In Vermont, "[t]he right of trial by jury as declared by the Constitution of the State of Vermont or as given by a statute shall be preserved to the parties inviolate." V.R.C.P. 38(a). "Any party may demand a trial by jury of any issue triable of right by a

jury . . . ." V.R.C.P. 38(b). "The trial of all issues so demanded shall be by jury, unless . . . the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the State of Vermont." V.R.C.P. 39(a). The Department argues that there is no constitutional or statutory right to trial by jury in this case. Hechanova concedes that the statutory taxation scheme does not expressly provide for trial by jury. The court therefore turns to whether Hechanova has a constitutional right to trial by jury in this case.

The Vermont Constitution declares that "when any issue in fact, proper for the cognizance of a jury is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." Vt. Const. ch. I, art. 12; *see also* Vt. Const. ch. II, § 38 ("Trials of issues, proper for the cognizance of a Jury as established by law or by judicial rules adopted by the Supreme Court not inconsistent with law . . . shall be by Jury, except where parties otherwise agree . . . ."). "This provision guarantees a right to jury trial to the extent that it existed at common law at the time of the adoption of the constitution in 1793." Hodgdon v. Mt. Mansfield Co., 160 Vt. 150, 155 (1992). "The right to trial by jury is not, however, restricted to those common-law causes of action recognized by the Vermont courts in 1793." Id. "Rather, we look at the nature of the action and whether it is the type of controversy that would have been tried by a jury under common law at that time." Id.

The analysis requires two steps. "First, the court must identify the closest eighteenth-century analogue to the statutory cause of action and ascertain whether it was traditionally tried to a jury or a court. Second, the court must examine the remedy sought

and determine whether it is legal or equitable in nature." State v. Irving Oil Corp., 2008 VT 42, ¶ 7, 183 Vt. 386 (internal citations omitted).

### 1. The History of Tax Collection

Hechanova argues that the action in this case can be analogized to one existing at common law, namely, an action on a debt, which was universally tried to a jury. Hechanova has not cited any authorities in support of this argument. This issue has been raised in other jurisdictions, and the courts have gone both ways on the issue. *Compare, e.g.,* Franchise Tax Board v. Superior Court, 99 Cal. Rptr. 3d 73, 84 (Cal. App. 1st Dist. 2009)("It is clear that in 1850 there was no common law right to jury trial in tax collection proceedings.") *with* Damsky v. Zavatt, 289 F.2d 46, 51 (2d Cir. 1961)(concluding that "in 1791 an action of debt lay in England for the collection of taxes").

The Department cites Kelly v. Pittsburgh for the proposition that "[t]axes have not, as a general rule, in this country since its independence, nor in England before that time, been collected by regular judicial proceedings." 104 U.S. 78, 80 (1881). However, that case did not directly address the question of jury trials. The Department also relies upon Sonleitner v. Superior Court, a case involving an action to collect motor vehicle fuel license taxes. 322 P.2d 496, 497 (Cal. Ct. App. 1958). The court noted that "it is well settled in other jurisdictions that there is no right under the general constitutional provisions to a jury trial in statutory or summary proceedings for the collection of taxes." Id. at 497 & n.1.The court rejected the analogy between collection of taxes and collection

of debt, reasoning that collection of taxes is not collection of a debt, but instead the sovereign act of the state. Id. at 498. The court also noted that "[a]t common law in this country and in England taxes were not collected by regular judicial proceedings." Id. at 499. It concluded that because "a judicial proceeding to collect taxes was not even a recognized form of action at common law, . . . [a] jury trial is thus not a matter of right in an action to collect taxes." Id.

Damsky, on the other hand, discusses English legal history and reaches the opposite conclusion: that actions to collect taxes were actions "on a debt" under the common law of England, carrying with them the right to jury trial. 289 F.2d at 48-53. *See also* United States v. Anderson, 584 F.2d 369, 373-74 (10th Cir. 1978)(adopting Damsky analysis). *But see* The Federalist No. 83 (Alexander Hamilton)(noting that in New York as of 1788, "taxes are usually levied by the more summary proceeding of distress and sale . . . . And it is acknowledged on all hands, that this is essential to the efficacy of the revenue laws. The dilatory course of a trial at law to recover the taxes imposed on individuals, would neither suit the exigencies of the public nor promote the convenience of the citizens. It would often occasion an accumulation of costs, more burdensome than the original sum of the tax to be levied.").

This court need not sort out the full history of English practice and procedure regarding tax collection, however, as Vermont law points the way. Our Supreme Court long ago discussed the issue of the right to jury trial in a case involving enforcement of unpaid taxes in In re Hackett, 53 Vt. 354 (1881). The Court stated:

> Taxes are the life-blood of government. Unless duly assessed, collected and paid over to the proper disbursing officer, its functions are paralyzed, and disintegration and anarchy are imminent. Hence the statutory provisions for the due assessment, collection and enforcement

4

of payment from the collector to the treasurer have always provided for speedy, summary, and generally final proceedings.

\*     \*     \*

[In England] [t]he enforcement of the collection and payment into the treasury of taxes, customs, &c, . . .  were always . . . by summary proceedings without the intervention of a jury. . . . Hence issues of fact in such matters, in England, at the time of the revolution, were not tried by a jury, and were not understood by the framers of the constitution as being "proper for the cognizance of a jury," and are not included within the provisions of the constitution which secure the right of trial by jury.

Id. at 358-60. While Hackett was a suit by a town treasurer against the town tax collector for the latter's failure to collect taxes, its principles apply equally to the collection of taxes from taxpayers. Although there may be varying potential interpretations of the nature of tax collection prior to the adoption of our Constitution, this court is bound to follow the interpretation reached by our Supreme Court: that tax collection was by summary proceeding and carried with it no right to jury trial.

### 2.  Legal or Equitable?

With respect to the second step in the analysis set forth in Irving Oil, the issue is whether the relief sought in this case is considered legal (for which a jury is permitted) or equitable (for which it is not). In Irving Oil, the Court noted that "while an action for money damages is the traditional form of relief offered in the courts of law, not every award of monetary relief must necessarily be legal relief." 2008 VT 42, ¶ 8 (internal quotations omitted).

An action for collection of taxes, although seeking money, does not seek "damages" as that term is understood in the court system. *See, e.g.*, Hodgdon, 160 Vt. at 158 (back pay is equitable, not legal, relief); 22 Am. Jur. 2d Damages § 24 (West, Westlaw through May 2009)(compensatory damages are "in satisfaction of, or in

recompense for, loss or injury sustained"); Black's Law Dictionary (8th ed. 1999)("Damages: Money claimed by, or ordered to be paid to, a person as compensation for loss or injury"). Thus, it is an equitable proceeding to which no right of jury trial applies.

<u>Order</u>

The Department's motion to strike Hechanova's demand for jury trial is granted. The case will be scheduled for a court trial.

Dated at Burlington this _____ day of February 2010.

_____
Helen M. Toor
Superior Court Judge