[Civ. No. 20805. Third Dist. Feb. 26, 1982.]

SACRAMENTO DATA PROCESSING, PUBLICATION AND SALES, Plaintiff, Cross-defendant and Appellant, v. DEPARTMENT OF CONSUMER AFFAIRS et al., Defendants, Cross-complainants and Respondents.

**Counsel**

Warnshuis & Bennett and Roger V. Bennett for Plaintiff, Cross-defendant and Appellant.

George Deukmejian, Attorney General, Willard A. Shank, Chief Assistant Attorney General, John M. Huntington, Assistant Attorney General and William M. Goode, Deputy Attorney General, for Defendants, Cross-complainants and Respondents.

**Opinion**

**SPARKS, J.**—The central question presented is whether a business which publishes and sells a daily booklet containing a list of current job openings is an employment agency. We hold that it is not.

Plaintiff appeals from an order granting a preliminary injunction prohibiting plaintiff from engaging in certain business activities relating to employment.[1]

### FACTS

Plaintiff is a partnership licensed to do business in Sacramento County as Sacramento Data Processing, Publication and Sales. Plaintiff's principal business is that of selling a publication containing listings of available jobs and other labor data. It develops employment availability lists and sells these lists under a "policy" which entitles the buyer, for a $40 fee, to daily job listings for a period of one year.

[1] An order granting a preliminary injunction is appealable. (Code Civ. Proc., § 904.1, subd. (f); 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 77, pp. 4088-4089.)

Plaintiff acquires its job information through newspaper advertisements, magazines, telephone directories, local associations and direct contact with employers. Each employer is contacted daily to determine whether any jobs listed in the publication have been filled or are no longer available. Plaintiff does not guarantee that applicants who purchase the publication will secure employment. While it is unclear whether plaintiff directs subscribers to any particular employer, plaintiff does not contact employers recommending certain individuals be interviewed for available positions.

Plaintiff also advertised specific jobs in local newspapers under the employment opportunities section of the classified section. Those ads invited the interested reader to "Call Dial-A-Job .... 971-9811."

In May 1981, representatives from both defendants, the Department of Consumer Affairs (Department) and the Bureau of Employment Agencies (Bureau), informed plaintiff that it was conducting business in violation of the Employment Agency Act (Bus. & Prof. Code, § 9900 et seq.), and in particular, Business and Professions Code sections 9902 and 9940, which purport to require those who provide job information for a fee to register with the Bureau as an "Employment Agency." Thus, in June 1981, plaintiff filed a complaint for declaratory and injunctive relief, seeking, inter alia, a declaration that its business did not come within the purview of the Employment Agency Act (the Act) and to enjoin the Department and the Bureau from enforcing any of the provisions of said Act against plaintiff. The Bureau cross-complained for both a temporary restraining order and for a preliminary injunction, seeking to prevent plaintiff from conducting any business in violation of the Act. The matter came on for hearing on June 11, 1981; the court denied plaintiff's claim for injunctive relief, and granted an order against plaintiff, enjoining it from doing any of the following:

"a. Advertising or offering by any means whatsoever for employment services unless such advertising contains the name and address of the agency and such advertising is not false, fraudulent or misleading.

"b. Acting as an employment agency as defined by Business and Professions Code section 9902 unless and until [plaintiff] obtain[s] and maintain[s] a license as an employment agency.

"c. Collecting fees or money from persons seeking employment until and unless [plaintiff is] licensed as an employment agency."

352

## DISCUSSION

### I. *Publication of Lists*

We first examine plaintiff's activities as a publisher of job information. Plaintiff makes numerous attacks on the order granting a preliminary injunction; in particular, it claims the injunction infringes on its constitutional right to commercial free speech, and the definition of "employment agency" as contained in Business and Professions Code section 9902[2] is unconstitutionally vague in that it fails to give fair notice as to who is covered by its provisions. ■ We need not address the constitutional arguments; instead, we hold the Employment Agency Act was not intended to include businesses such as plaintiff's which only provide information about available job opportunities. A reading of the Act as a whole makes it evident it was intended to license and regulate only those who (for a fee) actively seek to obtain employment for an individual by bringing together the employer and prospective employee; the Act was not intended to regulate those who have no contact with employers on behalf of any individual applicant.

"Generally speaking, an employment agency is any person or corporation engaged in the business of *finding* positions or employment [for applicants]." (Italics added.) (*Garson v. Div. of Labor Law Enforcement* (1949) 33 Cal.2d 861, 863 [206 P.2d 368].) To this end, section 9941 allows the Bureau to issue a general employment agency license, authorizing the licensee to engage in the business of *finding* all types of employment for others. Pursuant to section 9975.1, an employment agency may not *send* a prospective employee to a place of employment without having obtained orally or in writing a bona fide order for employment. Every contract which is entered into between the agency and the applicant must contain the name of the employer to whom the applicant is *sent*. (§ 9984.)[3] In addition, as part of the qualifications necessary for securing a license to operate an employment agency, the license applicant must meet several requirements, including a minimum one year's experience with an employment agency or with equivalent experience in the opinion of the Bureau. Moreover, section 9946 requires an applicant for an employment agency license to pass a

---

[2]Hereafter, all statutory references are to the Business and Professions Code unless otherwise indicated.

[3]The administrative rules promulgated by the chief of the Bureau (see Bus. & Prof. Code, § 9924), also contemplate the *finding* of employment for prospective employees. (See, e.g., Cal. Admin. Code, tit. 16, §§ 2859, subd. (b); 2857, subd. (c), 2879.)

qualifying examination, covering such subjects as advertising requirements, fair employment law, and the agency's relationship to applicants.

None of these statutory provisions has any applicability to the operation of a job information service. There is no reason why those who wish to provide a list of employment opportunities should have at least one year's experience with an employment agency or other experience to satisfy the Board; or, for that matter, should have to pass an examination testing their knowledge in areas of advertising and fair employment law. Plaintiff does not seek to bring together certain employees with certain employers. Plaintiff does not contact employers on behalf of any prospective employee, nor does plaintiff solicit employment for those applicants who have purchased the publication. More important, plaintiff's fee is unrelated to whether or not employment is ultimately secured. Plaintiff acts as *information source* only, and that activity, we conclude, was not intended to be included within the Act.

The statutory definition of an employment agency is found in section 9902. That opaque and grammatically muddled statute reads: "As used in this chapter, 'employment agency' or 'agency' means any of the following: [¶] (a) The business of conducting, in any capacity, an intelligence office, employment agency, registry other than a nurses' registry as defined in Section 9890.6, or any agency, business or office which procures, offers, promises or attempts to procure employment or engagements for others or employees for employers, or for the registration of persons seeking to procure or retain employment or engagement, or for giving information as to where and from whom such help, employment or engagement may be procured, or for providing employment or engagements where a fee or other valuable consideration is exacted, or attempted to be collected, directly or indirectly, for such services, regardless of where such business is conducted. [¶] (b) Any person, service, bureau, organization, club, resume service, or employment counseling service, which by advertisement or otherwise offers, as one of its main objects or purposes, to procure employment for any person who will pay for its services, or that collects dues, tuition, or membership or registration fees of any sort, where the main object of the person paying the same is to secure employment."

The Attorney General contends that plaintiff's activities fall within the definitional boundaries of both subdivision (a) and subdivision (b) of this section. That statute defines an employment agency in subdivision (a) among other things as the "business of conducting . . . any . . .

business ... for giving information as to where and from whom such help, employment or engagement may be procured ... where a fee ... is exacted ..." and in subdivision (b) as "[a]ny ... organization ... which by advertisement ... offers, as one of its main objects or purposes, to procure employment for any person who will pay for its services, or that collects ... membership ... fees of any sort : ...."

■ As we have noted, plaintiff's publication does not offer to "procure" employment for any of its customers. Its activities, therefore, are not covered by subdivision (b). The remaining provision, subdivision (a), given the unbridled reign of linguistic fancy, would include any business which for a fee provides information about where employment may be obtained. To accept this definition at face value, however, would subject any newspaper, magazine—indeed, any business or publication which provides job information—to the licensing provisions. Defendant argues newspapers and magazines do no more than sell space, and thus cannot be equated with "employment agencies." Nonetheless, it is obvious there are those who purchase a newspaper solely for the job listings. As to these individuals, can it not be said the newspaper is a business which for a fee provides information about where employment can be procured? Moreover, if the newspaper were to place all of its employment ads in one section and sell this section separately, would it then be considered an employment agency? We think not.

Moreover, that construction would permit such a sweeping restriction on the dissemination of information that it would clash with plaintiff's constitutional right to commercial free speech. (See *Anderson v. Department of Real Estate* (1979) 93 Cal.App.3d 696 [155 Cal.Rptr. 307].) We are required to "... adopt an interpretation that, consistent with the statutory language and purpose, eliminates doubts as to the provision's constitutionality." (*In re Kay* (1970) 1 Cal.3d 930, 942 [83 Cal.Rptr. 686, 464 P.2d 142].)

We therefore conclude that, confining the definition of employment agency to permissible constitutional purposes and contextual usage it was not meant to include those who merely provide a job information service. "In some instances, ... enacted definitions ... may ... direct improbable applications of a statute, as compared to what might have been reasonably understood from the language of the act alone, considered without reference to the special definitions or directives." (1A Sutherland, Statutory Construction (4th ed. 1972) § 27.01, p. 309.) This is such a case. The definition of "employment agency" cannot be

given any greater meaning than that intended by the Act; that intent, shown by later statutes and regulations, was to regulate those who for a fee actively seek to obtain employment for the individual, i.e., those who seek to bring together the employer and prospective employee. We hold that where a service merely publishes job information and does not have contact with prospective employers on behalf of individual applicants, the service is not an employment agency within the meaning of the Act.

## II. *Advertisements*

As we noted earlier, the record also indicates that, at least at the time of commencing business, plaintiff was advertising *specific* jobs in local newspapers. These ads are misleading in providing an appearance that those who respond to the same are contacting either a bona fide employment agency or an employer who has advertised a job opportunity. It was these ads which apparently drew the Bureau's attention to plaintiff. The Bureau concedes plaintiff may lawfully advertise that it has a list of available job opportunities. For plaintiff to advertise specific job opportunities, however, thus presenting the appearance of being an employment agency and without having to comply with the strict advertising regulations which govern all employment agencies (see Bus. & Prof. Code, § 9978), is impermissible.

When, for example, plaintiff advertised for "RECEPTIONIST Extra sharp person wanted for this attractive front office position. Excellent pay and benefits! CALL! Dial-A-Job .... 971-9811," it "offer[ed], as one of its main objects and purposes, to procure employment" for a fee within the meaning of section 9902. In that advertising capacity plaintiff illegally acted as an unlicensed employment agency and that conduct was properly enjoined.

The judgment (order) is reversed and the cause remanded to the trial court with directions to modify its injunction in a manner consistent with this opinion.

Puglia, P. J., and Blease, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 20, 1982. Reynoso, J., did not participate therein. Mosk, J., was of the opinion that the petition should be granted.