[No. C024659. Third Dist. Nov. 12, 1997.]

COD GAS & OIL CO., INC., et al., Plaintiffs and Appellants, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

COUNSEL

Lester J. Gendron for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, Lawrence K. Keethe and Steven J. Green, Deputy Attorneys General, for Defendant and Respondent.

OPINION

RAYE, J.—Plaintiff Cod Gas & Oil Co., Inc., a motor fuel retailer, brings this tax refund action on behalf of itself and 18 other similarly situated fuel

retailers to recover sales taxes later declared unconstitutional. The trial court entered judgment against plaintiffs after sustaining defendant's demurrer without leave to amend for failure to state a cause of action. In a convoluted argument, plaintiffs alternately contend they were not reimbursed by purchasers for the invalid portion of the sales tax, or that reimbursement should not entitle purchasers to refunds denied to plaintiffs. They also contend Revenue and Taxation Code section 7275 et seq. is unconstitutional, depriving them of a vested right to seek refunds under the remedies available prior to the effective date of that statutory scheme. Finally, plaintiffs conclude, without analysis, that the statutory refund scheme unconstitutionally discriminates between classes of taxpayers.

## FACTS

■ On appeal from a judgment of dismissal following the sustaining of a demurrer, we treat the factual allegations of plaintiffs' first amended complaint as true, solely for the purpose of determining whether plaintiffs have stated a viable cause of action. (*Stevenson* v. *Superior Court* (1997) 16 Cal.4th 880, 885 [66 Cal.Rptr.2d 888, 941 P.2d 1157].) The facts are therefore drawn from that pleading, except where otherwise noted.

As statutorily required, plaintiff retailers collected use taxes from purchasers of motor fuel, with notices posted at the fuel pumps stating the advertised price included all sales taxes. (Bus. & Prof. Code, § 13470; Civ. Code, § 1656.1.) Those taxes included certain supplemental countywide taxes later declared unconstitutional, because they were approved by a simple majority rather than by two-thirds of those voting as required by article XIII A, section 4 of the California Constitution. (See *Rider* v. *County of San Diego* (1991) 1 Cal.4th 1, 5 [2 Cal.Rptr.2d 490, 820 P.2d 1000] (*Rider I*); *Kuykendall* v. *State Bd. of Equalization* (1994) 22 Cal.App.4th 1194, 1200 [27 Cal.Rptr.2d 783]; *Monterey Peninsula Taxpayers Assn.* v. *County of Monterey* (1992) 8 Cal.App.4th 1520, 1524-1525, 1536 [11 Cal.Rptr.2d 188].)

The State Board of Equalization (the SBE) collected the San Diego County tax for the period January 1, 1989, to February 13, 1992, when the court in *Rider I* found the tax to be unconstitutional. The SBE collected the Monterey County tax for the period April 1, 1990, to October 1, 1992, when the court in *Monterey Peninsula Taxpayers* found that tax to be similarly unconstitutional. In *Rider* v. *County of San Diego* (1992) 11 Cal.App.4th 1410, 1419 [14 Cal.Rptr.2d 885] (*Rider II*) the appellate court on remand held the trial court had no authority to fashion a remedy for disbursement of the invalidly collected taxes, and ordered the funds held in an impound account until all refund claims were settled. (See also *Kuykendall* v. *State Bd. of Equalization*, *supra*, 22 Cal.App.4th at p. 1200.)

The Legislature subsequently enacted Senate Bill No. 263, 1993-1994 Regular Session (Rev. & Tax. Code, §§ 7275-7279.6), effective October 11, 1993, providing a comprehensive system for refunds and other disbursements of county taxes found to be unconstitutional. (Stats. 1993, ch. 1060, § 2; see *Kuykendall* v. *State Bd. of Equalization*, *supra*, 22 Cal.App.4th at p. 1201.) Those statutes authorize refund actions to be brought only by purchasers with evidence of purchases of $5,000 or more. (Rev. & Tax. Code, § 7277.) Retailers are expressly excluded from the definition of persons entitled to bring refund actions. (Rev. & Tax. Code, § 7277.)

On December 13, 1993, plaintiff Cod Gas & Oil Co., Inc. (Cod Gas) filed a claim for refund of the invalid San Diego County taxes.[1] The claim was filed on Cod Gas's own behalf, and purportedly for a class of other similarly situated taxpayers. Plaintiffs allege each of the other 18 retailers named as plaintiffs filed similar claims. After plaintiffs' refund claims were denied or deemed denied pursuant to Revenue and Taxation Code sections 6933-6934, plaintiffs filed the instant action seeking certification as a class action, refunds of the San Diego and Monterey County supplemental taxes, and a declaration that Revenue and Taxation Code section 7275 et seq. is unconstitutional to the extent it limits refunds to certain purchasers. The trial court sustained the SBE's demurrer without leave to amend.

## DISCUSSION

Revenue and Taxation Code section 6904, subdivision (b)(1) requires that every claim on behalf of a class of taxpayers "[b]e accompanied by written authorization from each taxpayer sought to be included in the class." It is undisputed the claim filed by Cod Gas did not comply with this requirement, rendering that claim ineffective for any person or entity except Cod Gas. (See *Woosley* v. *State of California* (1992) 3 Cal.4th 758, 790 [13 Cal.Rptr.2d 30, 838 P.2d 758].) ■ In any event, the viability of plaintiffs' class action is immaterial; we conclude neither class nor individual refund actions can be maintained. (Rev. & Tax. Code, § 7277.)

■ It is a state constitutional requirement that actions for refund of allegedly illegal taxes be brought only in the manner prescribed by the Legislature. (Cal. Const., art. XIII, § 32; see *Woosley* v. *State of California*, *supra*, 3 Cal.4th at p. 789.) As our Supreme Court explained, "This constitutional limitation rests on the premise that strict legislative control over the

---

[1] There is nothing in the record indicating whether one or more of the other plaintiffs filed claims for refund of invalid taxes imposed in Monterey County.

manner in which tax refunds may be sought is necessary so that governmental entities may engage in fiscal planning based on expected tax revenues." (*Woosley* v. *State of California, supra,* 3 Cal.4th at p. 789.)

The exclusive manner prescribed for obtaining refund of unconstitutional county sales taxes is set forth in Revenue and Taxation Code sections 7275 et seq. Revenue and Taxation Code section 7275 provides, in relevant part, "Notwithstanding any other provision of law, on and after [October 11, 1993,] the procedures for refund or reimbursement of unconstitutional taxes contained in this chapter constitute the sole remedies for refund or reimbursement of [the] illegal taxes . . . ." (Rev. & Tax. Code, § 7275, subd. (b)(1).)

Refund actions are authorized only for purchasers with evidence of purchases of $5,000 or more. (Rev. & Tax. Code, § 7277.) Section 7277 authorizes refund actions by "a person who has reimbursed a retailer for [payment of the unconstitutional tax] or a person, *other than in a capacity as a retailer*" who has paid the tax. (Rev. & Tax. Code § 7277, subd. (a), emphasis added.) That section further limits the right to bring a refund action to those "purchasers" with proof of tax payment to the retailer, for purchases totaling $5,000 or more, defining "purchaser" as "any person or entity, *other than in a capacity as a retailer,*" who purchased property subject to the unconstitutional tax. (Rev. & Tax. Code, § 7277, subds. (b), (c), italics added.) The statute could not be more clear in barring retailers from seeking refunds of the subject taxes.

Plaintiffs contend the statutory bar to retailer refund claims is unconstitutional, arguing they paid the tax to the SBE and thus have a "vested interest" in the right to seek refunds. It is undisputed their fuel sales prices were "fully tax-paid" as required by Business and Professions Code section 13470, and that a notice to that effect was posted at their fuel pumps. However, they dispute this constituted "reimbursement" for the taxes paid to the SBE, since no amount of the price they charged for fuel was specifically or separately identified to purchasers as reimbursement.

This point requires little discussion. Civil Code section 1656.1 establishes a rebuttable presumption that a retailer has been reimbursed for sales taxes where a notice is posted "to the effect that reimbursement for sales tax will

be added to the sales price . . . ."[2] There is no merit to plaintiffs' unsupported suggestion that each element of the total tax must be specifically identified in the posted notice to trigger the presumption of reimbursement. Since plaintiff retailers posted the requisite notice, and all taxes were in fact included in the sales price, they were reimbursed by purchasers for the invalid supplemental taxes plaintiffs in turn paid to the SBE.

Plaintiffs' argument regarding reimbursement is at odds with the rationale underlying Revenue and Taxation Code section 7277. The statutory scheme contained in Revenue and Taxation Code section 7275 et seq. (Sen. Bill No. 263 (1993-1994 Reg. Sess.)) was designed in part to facilitate refund of the unconstitutional taxes to purchasers who bore the economic burden of the taxes. (Stats. 1993, ch. 1060, § 4.) In enacting those statutes, the Legislature expressly recognized then-current law provided "only persons who directly pay a tax to state taxing authorities may file claims for refund." (Stats. 1993, ch. 1060, § 4(b).) "As a result, under existing statutory provisions a substantial portion of the unconstitutional taxes would not be refunded to the ultimate consumers who bore the direct economic burden of paying those taxes." (Stats. 1993, ch. 1060, § 4(c).) The Legislature added that in certain cases, revenues raised by the unconstitutional taxes had been impounded, and "would, under the proper authority, be available for refund to the consumers who bore the economic burden of paying those taxes." (*Ibid.*)

The Legislature therefore declared: "[I]t is the intent of the Legislature in enacting this act, to alter the normal refund mechanism . . . . The statutes added to the Revenue and Taxation Code by this act are intended to establish a comprehensive system of remedies that balances the right of persons who made purchases subject to the unconstitutional taxes to obtain a return of those taxes with the need of entities imposing valid taxes within the same county to obtain the revenues to which they are entitled. The provisions added by this act are intended to apply to all claims and actions for refund in the circumstances described herein, notwithstanding any other provision of law . . . ." (Stats. 1993, ch. 1060, § 4(d).)

Plaintiffs contend the act precluding retailers from seeking refunds of unconstitutional county sales taxes operates ex post facto to deprive them of

---

[2]Civil Code section 1656.1 provides in relevant part: "(b) It shall be presumed that the property, the gross receipts from the sale of which is subject to the sales tax, is sold at a price which includes tax reimbursement if the retailer posts in his or her premises, or includes on a price tag or in an advertisement (whichever is applicable) one of the following notices:

"(1) 'All prices of taxable items include sales tax reimbursement computed to the nearest mill.'

"(2) 'The price of this item includes sales tax reimbursement computed to the nearest mill.'

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) The presumptions created by this section are rebuttable presumptions."

a vested right, violating their rights to due process under California Constitution, article I, section 7. However, plaintiffs' argument is not supported by any analysis or authority. Plaintiffs fail even to acknowledge the sole case on point, *Kuykendall* v. *State Bd. of Equalization, supra,* 22 Cal.App.4th 1194, although it was relied on in the pleadings on demurrer and in respondent's brief on appeal.

In *Kuykendall,* the central issue was whether Senate Bill No. 263, which became effective three days after judgment was entered in a consumer class action for tax refunds, displaced the trial court's judgment. (*Kuykendall* v. *State Bd. of Equalization, supra,* 22 Cal.App.4th at p. 1199.) In finding the trial court was required to apply Senate Bill No. 263, the court rejected contentions substantially the same as those raised by plaintiffs herein. (22 Cal.App.4th at p. 1212.) It found plaintiffs had no vested right in former remedies, or in a right to refund. (*Id.* at pp. 1211, fn. 20, 1214, fn. 27 and citations therein.) The court also found there was no impairment of constitutional rights in giving the statute retroactive effect, since Senate Bill No. 263 was procedural and/or remedial in nature. (22 Cal.App.4th at p. 1211, fn. 20 and citations therein.)

Finally, the court rejected plaintiffs' contention their equal protection rights were violated by the provisions limiting refund actions to purchasers with evidence of expenditures of at least $5,000. (22 Cal.App.4th at pp. 1212-1214.) It reasoned that tax statutes are generally not subjected to close scrutiny, and the state may justify distinctions in favor of a given class " 'on the basis of administrative convenience and promotion of legitimate state interests. [Citation.]' " (*Id.* at p. 1213.) The *Kuykendall* court analyzed the legislative history and determined such justification was present, particularly since the administrative cost of direct refunds to all consumers "would likely neutralize a substantial portion of the [court-ordered] scheme's asserted benefits." (*Id.* at p. 1214.)

The distinction favoring purchasers over retailers for refunds under Revenue and Taxation Code section 7275 et seq. is similarly justified based on a legitimate state interest in directly and efficiently refunding the invalid taxes to purchasers as the persons who bore the economic burden of the tax. (See *Kuykendall* v. *State Bd. of Equalization, supra,* 22 Cal.App.4th at p. 1213; *Haman* v. *County of Humboldt* (1973) 8 Cal.3d 922, 926-927 [106 Cal.Rptr. 617, 506 P.2d 993].) We see no reason to reiterate the authorities cited in *Kuykendall.* Although that case involved an action by purchasers rather than retailers, its pertinent reasoning and the authorities on which it relied are equally applicable here. While the Legislature has determined that

in most circumstances, retailers are the proper parties to bring actions for refund of sales taxes, it has permissibly made a different determination with regard to refund of the unconstitutional supplemental taxes at issue here. Defendant's demurrer was properly sustained without leave to amend.

DISPOSITION

The judgment is affirmed.

Scotland, Acting P. J., and Morrison, J., concurred.